## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Theresa Burkstrand and Bryan Barth, on behalf of themselves and the Proposed Rule 23 Classes, | **CLASS ACTION COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Plaintiffs, | |
| v. | |
| Target Corporation, | |
| Defendant. | Court File No. |

## INTRODUCTION

1.     This action arises out of Defendant Target Corporation's ("Target's") failure to secure the credit and debit card information of approximately 40 million of its customers, including Plaintiffs Theresa Burkstrand and Bryan Barth ("Plaintiffs"), and the members of the proposed classes.  In one of the largest-ever commercial breaches of private payment information, Target failed to secure the payment information of its customers over the busy holiday shopping season.  As a consequence of Target's conduct, Plaintiffs and the classes are exposed to fraudulent charges, identity theft, and damage to their credit scores.

## JURISDICTION

2.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  In the aggregate, Plaintiffs' claims and the claims of the other members of the classes

exceed $5,000,000 exclusive of interest and costs, and there are numerous class members who are citizens of states other than Target's state of citizenship, which is Minnesota.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in this District, and Target is subject to personal jurisdiction in this District.

## TRIAL BY JURY

4.      Plaintiffs are entitled to and hereby respectfully demand a trial by jury.

## PARTIES

5.      Plaintiff Burkstrand is a natural person residing in Minnesota.

6.      Plaintiff Barth is a natural person residing in Minnesota.

7.      Defendant Target Corporation is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.  Target owns and operates retail stores throughout the United States including in Minnesota.

## FACTUAL ALLEGATIONS

8.      Between November 27 and December 15, 2013 – the height of the holiday shopping season – unknown parties gained access to Target's electronic infrastructure and captured credit and debit card information on customers making in-store purchases.

9.      The data breach affected approximately 40 million credit and debit cards swiped in U.S. Target stores between November 27 and December 15, 2013.

10.     Plaintiff Burkstrand used her Discover credit card to make four separate purchases at Target stores in Minnesota between November 27 and December 15, 2013.

11.    Plaintiff Barth used his credit card to make a purchase at a Target store in Minnesota on Friday, December 13, 2013.

12.    Plaintiffs Burkstrand and Barth were thus among those affected by this breach.

13.    News of the data breach was first published by a blogger (Brian Krebs of http://krebsonsecurity.com/) on or about December 18, 2013, before Target made any attempt whatsoever to notify affected customers.

14.    As widely reported by multiple news services on December 19, 2013: "Investigators believe the data was obtained via software installed on machines that customers use to swipe magnetic strips on their cards when paying for merchandise at Target stores." [1]

15.    "The type of data stolen — also known as 'track data' — allows crooks to create counterfeit cards by encoding the information onto any card with a magnetic stripe."[2]

16.    The thieves "stole customer names, credit or debit card numbers, [and] expiration dates…" [3]

17.    According to additional published accounts, including the Minneapolis Star

---

[1]    http://www.cbsnews.com/news/target-confirms-massive-credit-debit-card-data-breach/ (last visited December 20, 2013).

[2]    http://krebsonsecurity.com/2013/12/sources-target-investigating-data-breach/    (last visited December 20, 2013).

[3]    http://www.nytimes.com/2013/12/20/technology/target-stolen-shopper-data.html   (last accessed December 20, 2013).

Tribune on December 20, 2013, "Thieves have been flooding the underground market with credit and debit card information stolen from Target Corp., along with the city, location and ZIP code of the Target store where the card was stolen."[4]

18.    The fact that Target's systems allowed access to the zip code of the stores at which the transactions were taking place allows an individual who purchases the information to use them only in the states where the original cards were issued, which helps to prevent the use of the cards from triggering systems that help banks detect unusual activity, such as when cards are used out of state.  The inclusion of this zip code data deprives class members of their banks' protection from fraud, because out of state use of a given card can often be used by banks to detect fraudulent usage.

19.    This breach puts customers, including Plaintiffs, at risk for fraudulent charges to their accounts, identity theft, damage to credit scores and other financial harm.

20.    Only after the news of the breach was reported in the media did Target place an announcement on its website, confirming the breach.[5]

## CLASS ACTION ALLEGATIONS

21.    Plaintiffs bring this action on their own behalf, and on behalf of all other persons similarly situated ("the Classes").  Specifically, the Classes that Plaintiffs seek to represent are:

---

[4]  http://www.startribune.com/business/236758591.html (last accessed December 20, 2013).

[5]  https://corporate.target.com/discover/article/Important-Notice-Unauthorized-access-to-payment-ca (last accessed December 20, 2013).

> ***National Data Breach Class***.  All persons who used credit or debit cards at Target Corporation stores and whose personal and/or financial information was breached during the period from on or about November 27 to on or about December 15, 2013.  Excluded from the Class are officers, directors, and employees of Defendant; any entity in which Defendant has a controlling interest; the affiliates, legal representatives, attorneys, heirs, and assigns of the Defendant.

> ***Minnesota Data Breach Subclass.***  All persons who used credit or debit cards at Target Corporation stores in Minnesota from on or about November 27 to on or about December 15, 2013 and whose personal and/or financial information was breached during the period.  Excluded from the Class are officers, directors, and employees of Defendant; any entity in which Defendant have a controlling interest; the affiliates, legal representatives, attorneys, heirs, and assigns of the Defendant.

22.    The members of the Classes are so numerous that the joinder of all members is impractical.  While the exact number of class members is unknown to Plaintiffs at this time, the Nationwide Class is estimated to be approximately 40 million and the Minnesota Class in at least the tens of thousands.

23.    There are common questions of fact and law common to the Classes as all members of the Classes were subject to the same data breach, under the same factual circumstances.  Common questions of law include those listed below.

24.    The claims of the Plaintiffs are typical of those of the members of the Classes because Plaintiffs suffered the same breach of their credit or debit card information, and therefore have the same claims.

25.    Plaintiffs and their counsel will fairly and adequately represent the members of the Classes because Plaintiffs are committed to this litigation, have no conflicts of interest, and have retained counsel with experience in consumer class action litigation.

26.    Common questions of law or fact predominate in this action for the National Data Breach Class, including:

   a. Whether Target had a duty to use reasonable care to safeguard class members' credit and debit card information;

   b. Whether Target had a duty to timely inform Plaintiffs and the class members if their credit and debit card information has been compromised;

   c. Whether Target breached the duty to use reasonable care to safeguard class members' credit and debit card information;

   d. Whether Target breached the duty to timely inform Plaintiffs and the class members if their credit and debit card information has been compromised; and,

   e. The proper measure of damages for the Class.

27.    Common questions of law or fact also predominate in this action for the Minnesota Data Breach Subclass, including:

   a. Whether Target violated the duty to inform Minnesota class members of the data breach pursuant to Minn. Stat. § 325E.61;

   b. Whether the asserted claim can be pursued by consumers pursuant to Minn. Stat. § 8.31, subd. 1, 3a; and

   c. The proper measure of damages for the Class.

28.    Given the immense size of the Classes and the overwhelming predominance of common factual issues, class adjudication of this matter is clearly

6

superior to individual adjudication.

## COUNT I
### *Negligence*
*On Behalf of Plaintiffs and the Nationwide Data Breach Class*

29.     Plaintiffs incorporate the preceding paragraphs.

30.     Target came into possession of Plaintiffs' and the Nationwide Data Breach Class members' credit and debit card information and assumed a duty to exercise reasonable care in safeguarding and protecting such information from being compromised or improperly furnished to unauthorized third parties.

31.     Target also has a duty to timely inform Plaintiffs and the Nationwide Data Breach Class members if their credit and debit card information has been compromised or improperly furnished to unauthorized third parties.

32.     Target, through its acts or omissions, breached its duties to Plaintiffs and the Nationwide Data Breach Class members by failing to exercise reasonable care in protecting and safeguarding Plaintiffs' and Nationwide Data Breach Class members' credit and debit card information.

33.     Target, through its acts or omissions, breached its duty to timely inform Plaintiffs and the Nationwide Data Breach Class members if their credit and debit card information has been compromised or improperly furnished to unauthorized third parties.

34.     As a direct result of Target's negligence, Plaintiffs and the Nationwide Data Breach Class members have suffered or will suffer damages, including the costs associated with fraudulent purchases, identity theft, and damage to credit scores.  In addition many Nationwide Data Breach Class members will surely purchase credit

protection or monitoring services as a result of the data breach.

## COUNT II
### *Violation of Minn. Stat. § 325E.61.*
*On Behalf of Plaintiffs and the Minnesota Data Breach Subclass*

35.    Plaintiffs incorporate the preceding paragraphs.

36.    Minn. Stat. § 325E.61 requires that businesses in Minnesota "disclose any breach of the security of the system following discovery or notification of the breach in the security of the data to any resident of this state whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person.  The disclosure must be made in the most expedient time possible and without unreasonable delay."

37.    As alleged above, Target delayed publicly reporting the data breach at issue until *after* it had already been disclosed in the news media.  This reporting was not done in the most expedient time possible and without unreasonable delay.

38.    Additionally, Target did not provide any individualized notice to class members as required above until December 20, 2013, after the breach had already been exposed in the public media, and after class members' data was already being reportedly sold online.  Even then, the notice that Target provided was not comprehensive, and failed to reach many class members.

39.    Plaintiffs bring this count pursuant to Minn. Stat. § 8.31, Subd. 3a.  The Private Attorney General Act permits consumers to pursue a private cause of action based upon violations of Minnesota law "respecting unfair, discriminatory, and other unlawful practices in business, commerce, or trade."  Minn. Stat. § 8.31, subd. 1, 3a.

40.     This count is maintainable under the Private Attorney General Act because the vindication of Plaintiffs' claims and the claims of the other putative class members will benefit the public at large.   Target is responsible for compromising the financial records of an unknown but undoubtedly very large number Minnesota consumers. Obtaining relief for these consumers will be a public good.   There is a significant public interest in ensuring that Target adheres to statutes that are designed to protect consumers like Plaintiffs and the members of the putative Minnesota Data Breach Subclass.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court award:

A.     Certification of this action as a class action on behalf of the putative classes;

B.     Designation of Plaintiffs as Class Representatives;

C.     Appointment of Nichols Kaster, PLLP as class counsel;

D.     Leave to amend to add a claim for punitive damages;

E.     Judgment in favor of Plaintiffs on all counts;

F.     Declaration that the practices complained of herein are unlawful;

G.     An Injunction requiring Defendant to cease and desist from engaging in these unlawful practices and requiring Defendant to provide credit monitoring to class members;

H.     An award of actual damages and restitution;

I.      An award of pre-judgment and post-judgment interest as provided by law;

J.      An award of attorneys' fees and costs; and

K.      Any further remedy the Court may deem just and proper.

                                         NICHOLS KASTER, PLLP

Dated: December 20, 2013                 /s/E. Michelle Drake
                                         E. Michelle Drake (#0387366)
                                         Joseph C. Hashmall (#392610)
                                         4600 IDS Center
                                         80 South 8th Street
                                         Minneapolis, MN 55402
                                         Telephone: (612) 256-3200
                                         Facsimile: (612) 338-4878
                                         drake@nka.com
                                         jhashmall@nka.com

                                         **ATTORNEYS FOR PLAINTIFFS
                                         AND THE PROPOSED CLASSES**